COPY

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
CATHERINE A. CONWAY (SBN 98366)
GIGI WYNNE PORTER (SBN 176819)
MATTHEW D. MORAN (SBN 197075)
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:      (310) 229-1000
Facsimile:      (310) 229-1001

Attorneys for Defendant
STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JAMES CARR and JENNIFER BELLINGER, individuals, on behalf of themselves and all others similarly situated, | ) Case No.<br>)<br>) **NOTICE OF REMOVAL**<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| STARBUCKS CORPORATION, and DOES 1 through 100, | )<br>)<br>) |
| Defendants. | )<br>) |

076900.0061  LOS ANGELES  480333 v1

NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Starbucks Corporation (hereinafter "Defendant" or "Starbucks") hereby removes to this Court the state court action described below:

1.   On July 20, 2001, an action was commenced in the Superior Court of California, County of Alameda, entitled <u>James Carr and Jennifer Bellinger, individuals, on behalf of others similarly situated v. Starbucks Corporation and DOES 1 through 100</u>, Case No. 842387-8 ("Original Complaint"). The Complaint and Summons were served on Starbucks on June 27, 2001. On July 5, 2001, Plaintiffs filed a First Amended Complaint in the Alameda Superior Court ("Amended Complaint"). True and correct copies of the Summons and Complaint are attached hereto as Exhibit A. True and correct copies of the Summons and Amended Complaint are attached hereto as Exhibit B.

2.   At the time of the filing of the Complaint and at the time of Defendant's filing of this Notice of Removal, complete diversity of citizenship existed/exists between the parties. The Complaint alleges that Plaintiffs reside in California. Defendant was, at the time of the filing of the Complaint, and currently is, a corporation organized under the laws of the State of Washington with its principal place of business in the State of Washington.

3.   Defendant is an employer that does business within the Northern District of California.

4.   Although the Complaint does not plead a specific amount for damages, the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant's good faith belief

ARIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
2029 CENTURY PARK EAST
SUITE #400
LOS ANGELES CA 90067

DOCUMENT PREPARED
ON RECYCLED PAPER

1    that the amount in controversy exceeds $75,000 is based upon

2    Plaintiffs' request for actual damages, overtime wages over a

3    four-year period, penalties, attorneys' fees, and the value of

4    the declaratory relief sought by Plaintiffs.

5        5.    To the extent that Plaintiffs have pleaded any claims

6    with respect to which the amount in controversy does not exceed

7    $75,000, the Court has supplemental jurisdiction to hear the

8    claims.  See 28 U.S.C. §1367.

9        6.    Defendant's Notice of Removal is timely because it is

10   filed within thirty (30) days of service and Defendant's receipt

11   of the Complaint.

12       7.    This Court enjoys subject matter jurisdiction under 28

13   U.S.C. § 1332 because this civil action is between citizens of

14   different states.    Removal of this action to this Court is

15   proper under 28 U.S.C. § 1441(a).

16       8.    Written notice of the removal of this case has been

17   filed with the Clerk of the Superior Court for the State of

18   California, County of Alameda, and served on all adverse parties

19   pursuant to 28 U.S.C. § 1466(d).    A copy of the Notice of

20   Removal filed in the Los Angeles County state court is attached

21   hereto as Exhibit C.

22       9.    Starbucks filed its Answer to the Complaint in the

23   Alameda Superior Court.    A copy of Defendant's Answer is

24   attached hereto as Exhibit D.    There have been no further

25   proceedings in Case No. 842387-8.    No other documents or

26

27

28

AKIN, GUMP, STRAUSS, HAUER & FELD, L L P
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

DOCUMENT PREPARED
ON RECYCLED PAPER

076900 0061 LOS ANGELES 480333 v1

2

1 | pleadings have been served on Starbucks.[1]    No orders have been

2 | issued by the state court.

3

4 | Dated:   July 27, 2001          AKIN, GUMP, STRAUSS, HAUER & FELD,
                                    L.L.P.

5 |                                 CATHERINE A. CONWAY (SBN 98366)
                                    GIGI WYNNE PORTER (SBN 176819)
                                    MATTHEW D. MORAN (SBN 197075)

6

7 |                                 By _____

8 |                                      Catherine A. Conway
                                    Attorneys for Defendant
9 |                                 STARBUCKS CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 | [1] According to the records in Case No. 842387-8, no other party has made an
     appearance as of today's date.

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

DOCUMENT PREPARED
ON RECYCLED PAPER

076900.0061  LOS ANGELES  480333 v1                  3

# EXHIBIT A

08-30-2001   05:45pm   From-                                          T-204   P.006/036   F-477

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**   *(Aviso a Acusado)*

STARBUCKS CORPORATION and and DOES 1 through 100,

FOR COURT USE ONLY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*
JAMES CARR an individual, on behalf of himself and and all others
similarly situated,

| | |
|---|---|
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court. | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.* |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | *Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.* |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | *Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

The name and address of the court is: *(El nombre y dirección de la corte es)*
Superior Court of California, County of Alameda,
1225 Fallon Street
Oakland, CA 94610

CASE NUMBER *(Número del Caso)*
**842387-8**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Erin C. Day (Bar # 184401)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, California 94612

Phone No. (510) 763-5700
Fax No. (510) 835-1311

DATE:
*(Fecha)*   **JUN 2 0 2001**

ARTHUR SIMS   Clerk, by   **COLUMBUS LITTLEBERRY**
EXECUTIVE OFFICER/CLERK*(Actuario)*  , Deputy
*(Delegado)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Starbucks Corporation and Does 1 through 100

under:
☑ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (individual)
☐ other:

4. ☐ by personal delivery on *(date):*

EXHIBIT A - PAGE 4

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Judicial Council Forms for HotDocs™

Mandatory Form

(See reverse for Proof of Service)
**SUMMONS**

CCP 412.20
B&PC 71710

08-30-2001   05:45pm   From-                                                                      T-204   P.007/036   F-477

*parate proof of service for each person S.*

1. I served the

  a. ☐ summons   ☐ complaint   ☐ amended summons   ☐ amended complaint
    ☐ completed and blank Case Questionnaires   ☐ Other *(specify)*:

  b. on defendant *(name)*:

  c. by serving   ☐ defendant   ☐ other *(name and title or relationship to person served)*:

  d. ☐ by delivery   ☐ at home   ☐ at business
    (1) date:
    (2) time:
    (3) address:

  e. ☐ by mailing
    (1) date:
    (2) place:

2. Manner of service *(check proper box)*:

  a. ☐ **Personal service.** By personally delivering copies (CCP 415.10)

  b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(a))

  c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(b))   *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*

  d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid addressed to the sender. (CCP 415.30) *(Attach completed acknowledgment of receipt.)*

  e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*

  f. ☐ Other *(specify code section)*:
    ☐ additional page is attached.

3. The "Notice to the Person Served" (on the summons) was completed as follows (CCP 412.30, 415.10, and 474):

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ on behalf of *(specify)*:
    under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)   ☐ other:
    ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (individual)
  d. ☐ by personal delivery on *(date)*:

4. At the time of service I was at least 18 years of age and not a party to this action.

5. Fee for service:   $

6. Person serving:

  a. ☐ California sheriff, marshal, or constable.
  b. ☐ Registered California process server.
  c. ☐ Employee or independent contractor of a registered California process server.
  d. ☐ Not a registered California process server.
  e. ☐ Exempt from registration under Bus. & Prof. Code 22350(b).

  f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

Date:

                                            **EXHIBIT A - PAGE 5**

▶                                                         ▶

_____                _____
*(SIGNATURE)*                                        *(SIGNATURE)*

982(a)(8) [Rev. January 1, 1984]
*Judicial Council Form for HotDocs* ™

08-30-2001  05:46pm  From-                                                      T-204  P.008/036  F-477

FROM STARBUCKS
08/22/2001  FRI 17:29 FAX                          (MON)  6.25' 01    59/ST  8.58/NO. 3700000624 P  2

FERKINS COIE LLP                                   ☎002

05/16/2001  18:56    5182681929          ALL BAY COUNTIES               PAGE  82

w: CPP
SCG/6-22

1 | H. Tim Hoffman, SBN 49141
  | Arthur W. Lazear, SBN 83603
2 | Erin C. Day, SBN 184401
  | HOFFMAN & LAZEAR
3 | 180 Grand Avenue, Suite 1550
  | Oakland, CA 94612
4 | Telephone: (510) 763-5700

5 | Mark R. Thierman, SBN 72913
  | Carrie Freestone, SBN 130914
6 | THIERMAN LAW FIRM
  | 120 Green Street
7 | San Francisco, CA 94111
  | Telephone: (415) 391-9200
8 |
9 | Randall Crane, SBN 56806
  | LAW OFFICES OF RANDALL CRANE
10| 180 Grand Avenue, Suite 1550
  | Oakland, CA 94612
11| Telephone: (510) 465-4600

12| Attorneys for Plaintiffs

**FILED**
ALAMEDA COUNTY

JUN 20 2001

CLERK OF THE SUPERIOR COURT
By_____ Deputy

8826A   06/28/81 SUBTTL    201.6

**SUMMONS ISSUED**

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

JAMES CARR an individual, on behalf of
himself and all others similarly situated,

        Plaintiff,

    v.

STARBUCKS CORPORATION and
DOES 1 through 100,

        Defendants.

CASE NO. **842887-8**

COMPLAINT

CLASS ACTION FOR OVERTIME
COMPENSATION

[Lab. Code §§ 203, 218, 510, 515 & 1194;
Bus. & Prof. Code § 17200]

    Come now Plaintiff JAMES CARR (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, and alleges:

///

COMPLAINT                           1                    EXHIBIT A - PAGE 6

FROM STARBUCKS                                    (MON) 6 25 01   1.59/ST  8 58/NO 3700000624 P  3
08 22 2001 FRI 17:28 FAX                          PERKINS COIE LLP                          ☒003

05/16/2001  18:56   5102681929              ALL BAY COUNTIES                    PAGE  03

## General Allegations

1.    Defendant STARBUCKS CORPORATION (herein also "Defendant" or "Starbucks") is a Washington corporation. Defendant is qualified to do business in California and has locations throughout California.

2.    Defendant owns and/or operates hundreds of stores in California, including the store in which Plaintiff worked at 2059 Mountain Boulevard in Oakland, California. Plaintiff Carr also worked at the Rockridge location.

3.    Plaintiff Carr resides in Alameda, California.

4.    Plaintiff Carr was employed as a store manager by Starbucks from October 1999 to January 31, 2001.

5.    Plaintiff did not spend fifty percent or more of his time while employed by Defendant supervising two or more of Defendant's employees.

6.    Plaintiff's job duties while employed by Defendant did not require the exercise of discretion or independent judgment.

7.    Plaintiff was not engaged or licensed in a learned or artistic profession while employed by Defendant.

8.    Plaintiff did not engage in sales or obtaining contracts or orders away from their employer's place of business more than 50% of their time while employed by Defendant.

9.    Although Plaintiff regularly worked more than eight hours per day and forty hours per week for Defendant, Defendant did not pay overtime compensation in the amount of one and a half times their hourly rate to Plaintiff for the hours worked in excess of eight per day or forty per week.

10.    Members of the Plaintiff class have inquired regarding overtime pay, but have received no response from Defendant Starbucks.

11.    Plaintiff is unaware of the true names and capacities of the defendants sued herein as Does 1 through 100, inclusive, and therefore Plaintiff sues such defendants by fictitious names. Plaintiff will seek leave of the Court to amend this Complaint when their true names and capacities are ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the

COMPLAINT                                 2                      EXHIBIT A - PAGE 7

08-30-2001  05:46pm  From-                                  T-204  P.010/036  F-477

FROM STARBUCKS  )                          (MON) 6. 25'01  )00/ST. 8:58/NO. 3700000624 P  4

05/16/2001  18:56  5102561929              ALL BAY COUNTIES              PAGE  04

1   fictitiously named defendants was responsible for the occurrences herein alleged and proximately

2   caused the injuries and damages sustained by Plaintiff as herein alleged.

### Class Action Allegations

4        12.   Plaintiff brings this action on his own behalf and on behalf of all other persons

5   similarly situated.

6        13.   The class consists of all persons employed as assistant managers and managers for

7   Starbucks Corporation, and its subsidiaries owned and/or operated by Defendant and located in

8   California in the four years preceding the filing of this Complaint.

9        14.   Plaintiff is informed and believes, and on that basis alleges, that there are more

10  than 250 persons in the class. This class is, therefore, so numerous that joinder is impractical.

11       15.   All class members were not paid overtime compensation by Defendant although

12  they all worked more than eight hours in a day and/or forty hours in a week.

13       16.   There is a well-defined community of interest in the questions of law and fact

14  affecting the class Plaintiff represents.

15       17.   The class members' claims against Defendant involve questions of common or

16  general interest to the class.

17       18.   Plaintiff is a member of the class and has claims that are typical of all other

18  members of the class.

19       19.   Common questions predominate and a class action is a superior form of litigating

20  of these issues.

21       20.   Plaintiff will fairly and adequately represent the interests of the class.

### FIRST CAUSE OF ACTION
22
(Overtime Compensation - Labor Code §§ 510, 515, 1194, et seq.)
23

24       21.   Plaintiff incorporates by reference Paragraphs 1 through 20, inclusive, of this

25  Complaint, as if fully set forth herein.

26       22.   Plaintiff regularly worked more than eight hours per day and more than forty hours

27  per week. Plaintiff and the plaintiff class members were not paid overtime compensation as

28  required by law. This overtime included scheduled hours as well as on-call time.

///

COMPLAINT                              3                    EXHIBIT A - PAGE 8

08-30-2001   05:47pm   From-                                                          T-204   P.011/036   F-477

FROM STARBUCKS                                      (MON) 6. 25' 01   00/ST. 8.58/NO. 3700000624 P  9
06 22 2001 FRI 17:30 FAX                            PERKINS COIE LLP                           ✓ 008

05/16/2001   18:56   5102681929                     ALL BAY COUNTIES                     PAGE  05

23.     Plaintiff and the plaintiff class members spent more than fifty percent of their time performing non-exempt work, did not directly supervise two or more of Defendants' employees simultaneously at all times, did not make fundamental decisions of policy for the Defendants, did not spend more than 50% of their work time engaged in outside sales, and/or were otherwise not exempt from the overtime provisions of the applicable California Industrial Wage Commission orders.

24.     Plaintiff and the plaintiff class members regularly worked many hours in excess of eight per day and/or forty per week, but Defendant did not pay overtime payments as required by law.

25.     Pursuant to the California Labor Code, Plaintiff is entitled to recover the unpaid balance of overtime compensation, plus interest on that amount, plus reasonable attorneys fees and costs of suit.

26.     Plaintiff and plaintiff class members are entitled to compensation at time-and-one-half their regular rate of pay for all hours worked in excess of forty per week and, prior to January 1, 1998 and after December 31, 1999, for all hours worked in excess of eight per day.  Further, Plaintiff and plaintiff class members are entitled to compensation at twice their regular rate of pay for all hours worked in excess of twelve per day and in excess of eight hours on the seventh consecutive day of work prior to January 1, 1998 and after December 31, 1999.

27.     Plaintiff and plaintiff class members are entitled to recover from Defendant the full value of unpaid overtime compensation pursuant to Labor Code sections 510, 515, and 1194.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Waiting-time Penalties)

28.     Plaintiff incorporate by reference Paragraphs 1 through 20, inclusive, of this Complaint, as if fully set forth herein.

29.     By failing to pay Plaintiff and plaintiff class members who have terminated employment within seventy-two hours of termination for unpaid overtime compensation, as described in Plaintiffs' First Cause of Action, Defendant is liable to Plaintiff and plaintiff class

COMPLAINT                                    4

members for waiting-time penalties pursuant to Labor Code section 203.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Competition - Business and Professions Code § 17200 *et seq.*)

30.   Plaintiff incorporates by reference Paragraphs 1 through 20, inclusive, of this Complaint, as if fully set forth herein.

31.   Business and Professions Code section 17200 provides: "As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

32.   By the conduct described above, Defendant has violated the provisions of Business and Professions Code section 17200 *et seq.* and has profited unfairly as a direct result of such conduct.

33.   Plaintiff brings this action on behalf of all others similarly situated in his representative capacity as well as for himself.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, according to proof, as follows:

1.   For compensatory damages according to proof, representing the unpaid balance of overtime compensation owed to Plaintiff and plaintiff class members;

2.   For pre-judgment interest on compensatory damages;

3.   For thirty days wages as waiting-time penalties for all employees who were not paid overtime wages due within seventy-two hours of terminating employment;

4.   For restitution and disgorgement of profits wrongfully obtained from failure to pay overtime compensation;

5.   For declaratory relief that assistant managers and managers employed by Defendant are not exempt from the overtime provisions of California law;

6.   For reasonable attorneys' fees and costs of suit herein;

COMPLAINT                              5                    EXHIBIT A - PAGE 10

08-30-2001   05:47pm   From-                                    T-204   P.013/036   F-477

FROM STARBUCKS                              (MON) 6 25 01    01/ST. 8 58/NO 3700000624 P  7
06 22 2001 FRI 17 01 FAX                                                                @007

05/16/2001   18:56   5102681929            ALL BAY COUNTIES                    PAGE  87

1

7.       For such other and further relief as the Court deems just and proper.

2

3    Dated: June 18, 2001                          HOFFMAN & LAZEAR

4

5                                         By:

6                                              ERIN C. DAY
                                               Attorney for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**                                    6                   EXHIBIT A - PAGE 11

08-30-2001   05:48pm   From-                                              (THU) 7. 19' 01  17   )ST. 17·42/NO 3700000985  P  2
FROM STARBUCKS                                                            T-204  P.014/036   F-477

CSC  The United States Corporation Company
2711 Centerville Road Suite 400, Wilmington, DE, 19808
(302) 636-5400

United States Corporation Company                                        The Prentice-Hall Corporation System, Inc.

## NOTICE OF SERVICE OF PROCESS

| Date Processed: 27-JUN-01 | Transmittal #: CA1184787C     ALL |
|---|---|

To: BRAD W SHAFFER                                              Redirect sent to:
    STARBUCKS CORPORATION
    2401 UTAH AVE. SOUTH
    8TH FLOOR, MS:S-LA1
    SEATTLE WA 98134

**TYPE OF REPRESENTATION:**  Statutory

We enclose the following documents which were served upon:
                    Corporation Service Company which will do business in California as CSC-Lawyers
as registered agent in  California        for
                              STARBUCKS CORPORATION (ID#:  0178010)
Documents were served on  27-JUN-01    via Personal Service        ID#: N/A

Title of Action:  JAMES CARR ETC.
          vs.  STARBUCKS CORPORATION ET AL                      Case #: 842387-8
       Court:  ALAMEDA COUNTY SUPERIOR COURT, CA
Nature of Case:  Unpaid Wages

| X | Summons | | ___ | Notice of Mechanic's Lien | | ___ | A self-addressed stamped |
|---|---|---|---|---|---|---|---|
| X | Complaint | | ___ | Notice of Attorney's Lien | | | envelope enclosed |
| ___ | Garnishment | | ___ | Notice of Default Judgment | | ___ | Duplicate copies of the Notice |
| ___ | Subpoena | | | | | | and Acknowledgement enclosed |

X  Other:  NOTICE TO ALL PARTIES, ETC.

                     Answer Due:  30 CALENDAR DAYS AFTER SERVICE
Documents Sent:  Federal Express        ID#:
     Call Placed:  Direct                 Spoke to:  BRAD SHAFFER
     Comments:  ADVISED OF NATURE OF SERVICE RECEIVED.

Attorney for Claimant:
         ERIN C. DAY
         HOFFMAN & LAZEAR
         180 GRAND AVE., STE. 1550
         OAKLAND, CA 94612
         510-763-5700                                           EXHIBIT A - PAGE 12

Form Prepared By: Stacie Thompson

Please acknowledge receipt of this transmittal and the enclosures by signing and returning the acknowledgement copy.

LEGAL DEPARTMENT
JUN 2 8 2001

Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or
details of the matter. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and
for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee.

# EXHIBIT B

08-30-2001   05:48pm   From-                                    T-204  P.016/036  F-477

AMENDE~ }   **SUMMONS**        ~TO FIRST AMENDED COMPLAINT
               (CITACION JUDICIAL)

NOTICE TO DEFENDANT:  *(Aviso a Acusado)*

STARBUCKS CORPORATION and DOES 1 through 100,

                                        FOR COURT USE ONLY

YOU ARE BEING SUED BY PLAINTIFF:
*(A Ud. le está demandando)*
JAMES CARR and JENNIFER BELLINGER, individuals, on behalf of
themselves and all others similarly situated,

You have *30 CALENDAR DAYS* after this summons is served on you to file a typewritten response at this court.

A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.

If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

*Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*

*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*

*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.*

*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).*

The name and address of the court is: *(El nombre y dirección de la corte es)*
Superior Court of California, County of Alameda
1225 Fallon Street
Oakland, CA 94610

CASE NUMBER: *(número del Caso)*
**842387-8**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Erin C. Day (Bar # 184401)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, California  94612

Phone No. (510) 763-5700
Fax No. (510) 835-1311

DATE:   **JUL 0 5 2001**                    Clerk, by  **DOROTHY DUCKETT**          , Deputy
(Fecha)                                      (Actuada)                              (Delegada)

[SEAL]        NOTICE TO THE PERSON SERVED: You are served
              1. [ ] as an individual defendant.
              2. [ ] as the person sued under the fictitious name of, (specify):
              3. [ ] on behalf of (specify):
                 under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
                        [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
                        [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (individual)
                        [ ] other:
              4. [ ] by personal delivery on (date):            EXHIBIT B - PAGE 13

Form Adopted by Rule 982
Judicial Council of California    **Mandatory Form**    (See reverse for Proof of Service)    CCP 412.20
982(a)(9) [Rev. January 1, 1984]                          **SUMMONS**

1  H. Tim Hoffman, SBN 49141
   Arthur W. Lazear, SBN 83603
2  Erin C. Day, SBN 184401
   HOFFMAN & LAZEAR
3  180 Grand Avenue, Suite 1550
   Oakland, CA 94612
4  Telephone: (510) 763-5700

5  Mark R. Thierman, SBN 72913
   Carrie Freestone, SBN 130914
6  THIERMAN LAW FIRM
   120 Green Street
7  San Francisco, CA 94111
   Telephone: (415) 391-9200

8
   Randall Crane, SBN 56806
9  LAW OFFICES OF RANDALL CRANE
   180 Grand Avenue, Suite 1550
10 Oakland, CA 94612
   Telephone: (510) 465-4606

11
   Attorneys for Plaintiffs
12

13

14                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                        FOR THE COUNTY OF ALAMEDA

16

17 JAMES CARR and JENNIFER           )    CASE NO.  842387-8
   BELLINGER, individuals, on behalf of )
18 themselves and all others similarly situated)    FIRST AMENDED COMPLAINT
                                       )
19                Plaintiff,           )    CLASS ACTION FOR OVERTIME
                                       )    COMPENSATION
20      v.                             )
                                       )    [Lab. Code §§ 203, 218, 510, 515 & 1194;
21 STARBUCKS CORPORATION and           )    Bus. & Prof. Code § 17200]
   DOES 1 through 100,                 )
22                                     )
                Defendants.            )
23 _____)

24

25

26        Come now Plaintiffs JAMES CARR and JENNIFER BELLINGER (hereinafter

27 "Plaintiffs"), on behalf of themselves and all others similarly situated, and allege:

28                                              EXHIBIT B - PAGE 14

ENDORSED
FILED
ALAMEDA COUNTY

JUL 0 5 2001

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

## General Allegations

1.     Defendant STARBUCKS CORPORATION (herein also "Defendant" or "Starbucks") is a Washington corporation. Defendant is qualified to do business in California and has locations throughout California.

2.     Defendant owns and/or operates hundreds of stores in California, including the stores in which Plaintiffs worked at 2059 Mountain Boulevard in Oakland, California, and 720 Atlantic Avenue in Alameda, California. Plaintiff Carr also worked at the Rockridge location.

3.     Both Plaintiffs Carr and Bellinger reside in Alameda, California.

4.     Plaintiff Carr was employed as a store manager by Starbucks from October 1999 to January 31, 2001. Plaintiff Bellinger was employed as a assistant store manager from July 2000 to the present.

5.     Plaintiffs did not spend fifty percent or more of their time while employed by Defendant supervising two or more of Defendant's employees.

6.     Plaintiffs' job duties while employed by Defendant did not require the exercise of discretion or independent judgment.

7.     Plaintiffs were not engaged or licensed in a learned or artistic profession while employed by Defendant.

8.     Plaintiffs did not engage in sales or obtaining contracts or orders away from their employer's place of business more than 50% of their time while employed by Defendant.

9.     Although Plaintiffs regularly worked more than eight hours per day and forty hours per week for Defendant, Defendant did not pay overtime compensation in the amount of one and a half times their hourly rate to Plaintiffs for the hours worked in excess of eight per day or forty per week.

10.     Members of the Plaintiff class have inquired regarding overtime pay, but have received no response from Defendant Starbucks.

11.     Plaintiffs are unaware of the true names and capacities of the defendants sued herein as Does 1 through 100, inclusive, and therefore Plaintiffs sue such defendants by fictitious names. Plaintiffs will seek leave of the Court to amend this Complaint when their true names and

EXHIBIT B - PAGE 15

1   capacities are ascertained. Plaintiffs is informed and believes, and thereon alleges, that each of the

2   fictitiously named defendants was responsible for the occurrences herein alleged and proximately

3   caused the injuries and damages sustained by Plaintiffs as herein alleged.

### Class Action Allegations

4

5       12.    Plaintiffs brings this action on their own behalf and on behalf of all other persons

6   similarly situated.

7       13.    The class consists of all persons employed as assistant managers and managers for

8   Starbucks Corporation, and its subsidiaries owned and/or operated by Defendant and located in

9   California in the four years preceding the filing of this Complaint.

10      14.    Plaintiffs are informed and believe, and on that basis alleges, that there are more

11  than 500 persons in the class. This class is, therefore, so numerous that joinder is impractical.

12      15.    All class members were not paid overtime compensation by Defendant although

13  they all worked more than eight hours in a day and/or forty hours in a week.

14      16.    There is a well-defined community of interest in the questions of law and fact

15  affecting the class Plaintiffs represents.

16      17.    The class members' claims against Defendant involve questions of common or

17  general interest to the class.

18      18.    Plaintiffs are members of the class and has claims that are typical of all other

19  members of the class.

20      19.    Common questions predominate and a class action is a superior form of litigating

21  of these issues.

22      20.    Plaintiffs will fairly and adequately represent the interests of the class.

### FIRST CAUSE OF ACTION
(Overtime Compensation - Labor Code §§ 510, 515, 1194, et seq.)

23

24      21.    Plaintiffs incorporate by reference Paragraphs 1 through 20, inclusive, of this

25  Complaint, as if fully set forth herein.

26      22.    Plaintiffs regularly worked more than eight hours per day and more than forty

27  hours per week. Plaintiffs and the plaintiff class members were not paid overtime compensation

28  as required by law. This overtime included scheduled hours as well as on-call time.

EXHIBIT B - PAGE 16

23.     Plaintiffs and the plaintiff class members spent more than fifty percent of their time performing non-exempt work, did not directly supervise two or more of Defendants' employees simultaneously at all times, did not make fundamental decisions of policy for the Defendants, did not spend more than 50% of their work time engaged in outside sales, and/or were otherwise not exempt from the overtime provisions of the applicable California Industrial Wage Commission orders.

24.     Plaintiffs and the plaintiff class members regularly worked many hours in excess of eight per day and/or forty per week, but Defendant did not pay overtime payments as required by law.

25.     Pursuant to the California Labor Code, Plaintiffs are entitled to recover the unpaid balance of overtime compensation, plus interest on that amount, plus reasonable attorneys fees and costs of suit.

26.     Plaintiffs and plaintiff class members are entitled to compensation at time-and-one-half their regular rate of pay for all hours worked in excess of forty per week and, prior to January 1, 1998 and after December 31, 1999, for all hours worked in excess of eight per day. Further, Plaintiffs and plaintiff class members are entitled to compensation at twice their regular rate of pay for all hours worked in excess of twelve per day and in excess of eight hours on the seventh consecutive day of work prior to January 1, 1998 and after December 31, 1999.

27.     Plaintiffs and plaintiff class members are entitled to recover from Defendant the full value of unpaid overtime compensation pursuant to Labor Code sections 510, 515, and 1194.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Waiting-time Penalties)

28.     Plaintiffs incorporate by reference Paragraphs 1 through 20, inclusive, of this Complaint, as if fully set forth herein.

29.     By failing to pay Plaintiffs and plaintiff class members who have terminated employment within seventy-two hours of termination for unpaid overtime compensation, as described in Plaintiffs' First Cause of Action, Defendant is liable to Plaintiffs and plaintiff class

1   members for waiting-time penalties pursuant to Labor Code section 203.

2       WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as

3   hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Competition - Business and Professions Code § 17200 *et seq.*)

5       30.     Plaintiffs incorporate by reference Paragraphs 1 through 20, inclusive, of this

6   Complaint, as if fully set forth herein.

7       31.     Business and Professions Code section 17200 provides: "As used in this chapter,

8   unfair competition shall ---      and include any unlawful or fraudulent business act or practice and

9   unfair, deceptive, untrue or r.   ...eading advertising and any act prohibited by Chapter 1

10  (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

11      32.     By the conduct described above, Defendant has violated the provisions of Business

12  and Professions Code section 17200 *et seq.* and has profited unfairly as a direct result of such

13  conduct.

14      33.     Plaintiffs bring this action on behalf of all others similarly situated in their

15  representative capacity as well as for themselves.

16                          **Prayer for Relief**

17      WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them,

18  according to proof, as follows:

19      1.      For compensatory damages according to proof, representing the unpaid balance of

20  overtime compensation owed to Plaintiffs and plaintiff class members;

21      2.      For pre-judgment interest on compensatory damages;

22      3.      For thirty days wages as waiting-time penalties for all employees who were not

23  paid overtime wages due within seventy-two hours of terminating employment;

24      4.      For restitution and disgorgement of profits wrongfully obtained from failure to pay

25  overtime compensation;

26      5.      For declaratory relief that assistant managers and managers employed by

27  Defendant are not exempt from the overtime provisions of California law;

28      6.      For reasonable attorneys' fees and costs of suit herein;     EXHIBIT B - PAGE 18

7.    For such other and further relief as the Court deems just and proper.

Dated: July 3, 2001

HOFFMAN & LAZEAR

By: _____
ERIN C. DAY
Attorney for Plaintiff

EXHIBIT B - PAGE 19

08-30-2001   05:50pm   From-                                                     T-204   P.023/036   F-477

# CSC The United States Corporation Company
2711 Centerville Road Suite 400, Wilmington, DE, 19808
(302) 636-5400

United States Corporation Company                    The Prentice-Hall Corporation System, Inc.

## NOTICE OF SERVICE OF PROCESS

Date Processed: 10-JUL-01                    Transmittal #: CA1193069C      ALL

To:  BRAD W SHAFFER                          Redirect sent to:
     STARBUCKS CORPORATION
     2401 UTAH AVE SOUTH
     8TH FLOOR, MS:S-LA1
     SEATTLE WA 98134

### TYPE OF REPRESENTATION:  Statutory

We enclose the following documents which were served upon:
              Corporation Service Company which will do business in California as CSC-Lawyers
as registered agent in  California        for
              **STARBUCKS CORPORATION (ID#:  0178010)**
Documents were served on 10-JUL-01   via Personal Service              ID#:  N/A

Title of Action: JAMES CARR, ET AL.                          Case #: 842387-8
          vs.  STARBUCKS CORPORATION, ET AL.
       Court: ALAMEDA SUPERIOR COURT, CA
Nature of Case: Unpaid Wages

| | | |
|---|---|---|
| X  Summons | ____ Notice of Mechanic's Lien | ____ A self-addressed stamped |
| ____ Complaint | ____ Notice of Attorney's Lien | envelope enclosed |
| ____ Garnishment | ____ Notice of Default Judgment | ____ Duplicate copies of the Notice |
| ____ Subpoena | | and Acknowledgement enclosed |

X  Other:  FIRST AMENDED COMPLAINT, ETC.

Answer Due: 30 CALENDAR DAYS AFTER SERVICE
Documents Sent: Federal Express            ID#:
Call Placed: No call placed            Spoke to:  N/A
Comments:  N/A

Attorney for Claimant:
     ERIN C. DAY
     HOFFMAN & LAZEAR
     180 GRAND AVE SUITE 1550
     OAKLAND, CA 94612
     510-763-5700

Form Prepared By:  Sarah Devore                              **EXHIBIT B - PAGE 20**

Please acknowledge receipt of this notice and the enclosures by signing and returning the acknowledgement copy.

LEGAL DEPARTMENT
JUL 11

                    Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received this transmittal in error...

# EXHIBIT C

1    **AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.**
CATHERINE A. CONWAY (SBN 98366)

2    GIGI WYNNE PORTER (SBN 176819)
MATTHEW D. MORAN (SBN 197075)

3    2029 Century Park East, Suite 2400
Los Angeles, California 90067

4    Telephone:    (310) 229-1000

5    Facsimile:    (310) 229-1001

6

7    Attorneys for Defendant
STARBUCKS CORPORATION

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF ALAMEDA

10

11   JAMES CARR and JENNIFER            )   Case No. 842387-8
     BELLINGER, individuals, on behalf of )

12   themselves and all others similarly situated, )

13         Plaintiffs,                    )   **NOTICE TO COURT OF REMOVAL OF**
                                          )   **CIVIL ACTION TO THE UNITED STATES**
                                          )   **DISTRICT COURT**

14         vs.                            )

15   STARBUCKS CORPORATION, and           )
     DOES 1 through 100,                  )

16         Defendants.                    )   Date Action Filed:    July 20, 2001
                                          )

17                                        )   Motion Cut-Off:    None Set
                                          )   Discovery Cut-Off:    None Set

18                                        )   Trial Date:    None Set

19                                        )

20

21

22

23

24

25

26

27

28

076900 0058 LOS ANGELES 480307 v1

NOTICE TO COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

**EXHIBIT C - PAGE 21**

08-30-2001   05:51pm   From-                                              T-204   P.026/036   F-477

TO THE HONORABLE PRESIDING SUPERIOR COURT JUDGE:

PLEASE TAKE NOTICE that, on July 27, 2001, Defendant Starbucks Corporation removed this action to the United States District Court for the Northern District of California. A copy of the Notice of Removal that was filed with the federal court is attached hereto as Exhibit 1. Pursuant to 29 U.S.C. §1446(d), this court "shall proceed no further unless and until the case is remanded."

Dated: July 27, 2001

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
Catherine A. Conway (SBN 98366)
Matthew D. Moran (SBN 197075)
Gigi Wynne Porter (SBN 176819)

By _____
                    Catherine A. Conway
Attorneys for Defendant
STARBUCKS CORPORATION

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES  CA 90067

**EXHIBIT C - PAGE 22**

076900.0058 LOS ANGELES 480307 v1                          1

NOTICE TO COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, #2400, Los Angeles, California 90067.

On July 27, 2001, I served the foregoing document(s) described as:

**NOTICE TO COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**

on interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelopes ☒ as follows:

H. Tim Hoffman                          Mark R. Thierman
Arthur W. Lazear                        Carrie Freestone
Erin C. Day                             THIERMAN LAW FIRM
HOFFMAN & LAZEAR                        120 Green Street
180 Grand Avenue, #1550                 San Francisco, CA 94111
Oakland, CA 94612

Randall Crane
LAW OFFICES OF RANDALL CRANE
180 Grand Avenue, #1550
Oakland, CA 94612

☒ BY MAIL *(C.C.P. § 1013(a))* I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. postal service. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☐ BY FAX *(C.C.P. § 1013(a),(e); CRC 2008)* by transmitting said document(s) by electronic facsimile at approximately _____.m. at 2029 Century Park East, #2400, Los Angeles, California 90067 to the respective facsimile number(s) of the party(ies) as stated on the attached mailing list. The transmission was reported as complete without error. Attached is a true copy of the transmission report which was properly issued by the transmitting facsimile machine.

☐ BY EXPRESS MAIL *(C.C.P. § 1013(c))* I am readily familiar with the firm's practice of collection and processing correspondence for mailing with Federal Express. Under that practice it would be deposited with Federal Express on that same day thereon fully prepaid at _____, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☐ BY PERSONAL SERVICE *(C.C.P. 1011(a); Los Angeles County Local Rule 9.8(d))* I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

076900.0058 LOS ANGELES 480307 v1

2

NOTICE TO COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

EXHIBIT C - PAGE 23

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

1    Executed on July 27, 2001 at Los Angeles, California.

2    GERALDINE SINGER                    [Signature]
     Geraldine Singer

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKIN, GUMP, STRAUSS, HAUER & FELD, L L P
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

**EXHIBIT C · PAGE 24**

076900.0058 LOS ANGELES 480307 v1                3

NOTICE TO COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

# EXHIBIT D

1   **AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.**
    CATHERINE A. CONWAY (SBN 98366)
2   GIGI WYNNE PORTER (SBN 176819)
    MATTHEW D. MORAN (SBN 197075)
3   2029 Century Park East, Suite 2400
    Los Angeles, California 90067
4   Telephone:      (310) 229-1000
    Facsimile:      (310) 229-1001
5
6   Attorneys for Defendant
    STARBUCKS CORPORATION
7
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                        FOR THE COUNTY OF ALAMEDA
9

10
11  JAMES CARR and JENNIFER              )   Case No. 842387-8
    BELLINGER, individuals, on behalf of )
12  themselves and all others similarly situated, )
                                         )   **ANSWER OF DEFENDANT STARBUCKS**
13          Plaintiffs,                  )   **CORPORATION TO PLAINTIFFS' FIRST**
                                         )   **AMENDED COMPLAINT FOR OVERTIME**
14      vs.                              )   **COMPENSATION**
                                         )
15  STARBUCKS CORPORATION, and           )   Date Action Filed:      July 20, 2001
    DOES 1 through 100,                  )
16                                       )   Motion Cut-Off:         None Set
            Defendants.                  )   Discovery Cut-Off:      None Set
17                                       )   Trial Date:             None Set
                                         )
18                                       )
                                         )
19

20
21
22
23
24
25
26
27
28

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

DOCUMENT PREPARED
ON RECYCLED PAPER

076900 0058 LOS ANGELES 480295 v1

ANSWER OF DEFENDANT STARBUCKS CORPORATION TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR OVERTIME
COMPENSATION

EXHIBIT D - PAGE 25

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
2049 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CA 90067

1   Defendant Starbucks Corporation ("Starbucks") hereby answers the First Amended

2   Complaint for Overtime Compensation ("Complaint") of Plaintiffs, James Carr and Jennifer

3   Bellinger, individually, on behalf of themselves and all others similarly situated (collectively

4   "Plaintiffs"), by generally denying each and every material allegation of the Complaint

5   pursuant to Section 431.30(d) of the California Code of Civil Procedure.  For its affirmative

6   defenses, Starbucks alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Cause Of Action)

9   1.   The Complaint, and each purported cause of action contained therein, are barred

10   because they fail to state facts sufficient to constitute a cause of action against Starbucks.

### SECOND AFFIRMATIVE DEFENSE

(Class Action Requirement Unmet)

13   2.   Plaintiffs can not satisfy the requirements for maintaining a class action under

14   California law.

### THIRD AFFIRMATIVE DEFENSE

(Statute Of Limitations)

17   3.   The Complaint, and each purported cause of action contained therein, are barred

18   to the extent Plaintiffs seek relief for conduct occurring outside the applicable statutes of

19   limitations, including, but not limited to, California Code of Civil Procedure Sections 338,

20   340(i) and 343, California Labor Code Section 203 and California Business & Professions

21   Code Section 17208.

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

24   4.   The Complaint, and each purported cause of action contained therein, are barred

25   because any of the conduct of Starbucks or its agents which is alleged to be unlawful was taken

26   as a result of conduct by Plaintiffs and Plaintiffs are thus estopped to assert any cause of action

27   against Starbucks.

28

DOCUMENT PREPARED
ON RECYCLED PAPER

076000.0058 LOS ANGELES 480295 v1

1

ANSWER OF DEFENDANT STARBUCKS CORPORATION TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR OVERTIME
COMPENSATION

EXHIBIT D - PAGE 26

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.    The Complaint, and each purported cause of action contained therein, are barred because Plaintiffs have been guilty of improper conduct connected to the matters alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Accord And Satisfaction)

6.    The Complaint and each purported cause of action contained therein, are barred by the doctrine of accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

7.    Plaintiffs' Complaint fails in whole or in part because Starbucks and its agents acted in good faith at all times.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.    The Complaint, and each purported cause of action contained therein, are barred because Plaintiffs have inexcusably and unreasonably delayed the filing of their action, causing prejudice to Starbucks.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

9.    The Complaint, and each purported cause of action contained therein, are barred because Plaintiffs consented to the alleged conduct of Starbucks.

## TENTH AFFIRMATIVE DEFENSE

### (Alleged Conduct Does Not Constitute A Violation Of Sections 17200, et seq.)

10.    The conduct alleged in Plaintiffs' Complaint does not constitute unfair and unlawful business practices and Starbucks did not engage in acts constituting unfair and unlawful business practices as defined in California Business and Professions Code sections 17200, et seq.

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES CA 90067

**ELEVENTH AFFIRMATIVE DEFENSE**

(Waiver)

11.     The Complaint, and each purported cause of action contained therein, are barred under principles of waiver.

**TWELFTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

12.     The Complaint, and each purported cause of action contained therein, are barred because Plaintiffs lack standing to assert these matters against Starbucks.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Entitlement To Overtime Compensation)

13.     The Complaint, and each purported cause of action contained therein, are barred to the extent they seek compensation for unpaid overtime on behalf of Plaintiffs because Plaintiffs were paid the appropriate wage at all times during the relevant time period.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Good Faith – Labor Code)

14.     Any and all of Starbucks' actions or omissions giving rise to this action were performed in good faith and Starbucks had reasonable grounds for believing that any act or omission was not a violation of any provision of California Labor Code.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Misperformance)

15.     The Complaint, and each purported cause of action contained therein, are barred based upon the misperformance of Plaintiffs.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Reservation Rights)

16.     Starbucks does not presently know all of the facts and circumstances relating to Plaintiffs' claims.  Starbucks reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES CA 90067

DOCUMENT PREPARED
On RECYCLED PAPER

076900.0058 LOS ANGELES 480295 v1

3

1    WHEREFORE, Defendant Starbucks requests that this Court:

2    a.    Order that Plaintiffs take nothing from their Complaint;

3    b.    Dismiss the Complaint with prejudice;

4    c.    Award Starbucks its costs of suit herein, including reasonable attorneys' fees;

5  and

6    d.    Grant Starbucks such other and further relief as may be appropriate.

7  Dated: July 27, 2001                    AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P

8                                          Catherine A. Conway (SBN 98366)
                                           Matthew D. Moran (SBN 197075)
9                                          Gigi Wynne Porter (SBN 176819)

10

11                                         By _____

12                                              Catherine A. Conway
                                                Attorneys for Defendant
13                                              STARBUCKS CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

076900 0058 LOS ANGELES 480295 v1

4

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES CA 90067

}                                          }

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, #2400, Los Angeles, California 90067.

On July 27, 2001, I served the foregoing document(s) described as:

**ANSWER OF DEFENDANT STARBUCKS CORPORATION TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR OVERTIME COMPENSATION**

on interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelopes ☒ as follows:

H. Tim Hoffman                        Mark R. Thierman
Arthur W. Lazear                      Carrie Freestone
Erin C. Day                           THIERMAN LAW FIRM
HOFFMAN & LAZEAR                      120 Green Street
180 Grand Avenue, #1550               San Francisco, CA 94111
Oakland, CA 94612

Randall Crane
LAW OFFICES OF RANDALL CRANE
180 Grand Avenue, #1550
Oakland, CA 94612

☒ BY MAIL (C.C P. § 1013(a)) I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. postal service. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☐ BY FAX (C.C.P. § 1013(a),(e); CRC 2008) by transmitting said document(s) by electronic facsimile at approximately _____ .m. at 2029 Century Park East, #2400, Los Angeles, California 90067 to the respective facsimile number(s) of the party(ies) as stated on the attached mailing list. The transmission was reported as complete without error. Attached is a true copy of the transmission report which was properly issued by the transmitting facsimile machine.

☐ BY EXPRESS MAIL (C.C.P. § 1013(c)) I am readily familiar with the firm's practice of collection and processing correspondence for mailing with Federal Express. Under that practice it would be deposited with Federal Express on that same day thereon fully prepaid at _____, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☐ BY PERSONAL SERVICE (C.C.P. 1011(a), Los Angeles County Local Rule 9.8(a)) I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
2029 CENTURY PARK EAST
SUITE #400
LOS ANGELES, CA 90067

DOCUMENT PREPARED
ON RECYCLED PAPER

076900.0058 LOS ANGELES 480295 v1                    5

ANSWER OF DEFENDANT STARBUCKS CORPORATION TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR OVERTIME COMPENSATION

EXHIBIT D - PAGE 30



1

Executed on July 27, 2001 at Los Angeles, California.

2          *Geraldine Singer*                    *Geraldine S.*
          Geraldine Singer                              [Signature]

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKIN, GUMP, STRAUSS, HAUER & FELD, L L P
2029 CENTURY PARK EAST
SUITE 2400
LOS ANGELES  CA 90067

DOCUMENT PREPARED
ON RECYCLED PAPER

076900.0058 LOS ANGELES 480295 v1

6

ANSWER OF DEFENDANT STARBUCKS CORPORATION TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR OVERTIME
COMPENSATION                                    EXHIBIT D - PAGE 31